UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES PETTUS, 03-R-3597,

                Plaintiff,

    v.                                                            9:04-cv-0471

JOSPEH MCCOY, Superintendent,
DEPUTY RYAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff commenced the instant action asserting various violations of his constitutional rights arising out of his placement at the Southport Correctional Facility. In his Complaint, Plaintiff alleges that he was improperly sent to the Special Housing Unit ("SHU") at a maximum security facility and that being in SHU has put his life in jeopardy. Currently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety for failure to exhaust administrative remedies.

## I.     FACTS[1]

Plaintiff is an inmate in the custody of the New York State Department of Correctional Services. Plaintiff signed the instant Complaint on April 7, 2004. On his Complaint form, Plaintiff indicated that there is a grievance procedure available to him and that he availed himself of the grievance procedure by filing a complaint with the IGRC[2], followed by an appeal to the superintendent of the facility, and then to the Central Office Review Committee in Albany. The Complaint indicates that Plaintiff is "waiting for response from Albany." The Complaint was filed on April 27, 2004.

On April 12, 2004, prior to the filing of the instant Complaint, Plaintiff filed a grievance relating to the issues presented in this case. On April 19, 2004, the IGRC recommended that Plaintiff's grievance be denied. Plaintiff then appealed that decision to the facility Superintendent. In the meantime, on April 27, Plaintiff commenced the instant litigation. On May 3, 2004, after Plaintiff filed the Complaint in this case, the Superintendent denied Plaintiff's grievance. On May 5, 2004, Plaintiff appealed the decision to the Central Office Review Committee in Albany. On June 23, 2004, the Central Office Review Committee denied Plaintiff's appeal. Plaintiff did not file any other grievances in connection with the matters raised in this lawsuit.

Defendants now move to dismiss on the ground that Plaintiff commenced the instant action before fully exhausting his available administrative remedies.

---

[1] The following facts are taken from Defendants' statement of material facts submitted pursuant to N.D.N.Y.L.R. 7.1(a)(3). These facts are deemed admitted because they are supported by the record evidence and Plaintiff failed to submit an opposing statement of material facts as required by Rule 7.1(a)(3). Plaintiff was specifically advised by Defendants of his obligation to file an opposing statement of material facts and to otherwise properly respond to the motion for summary judgment.

[2] Inmate Grievance Review Committee.

**II.     DISCUSSION**

The sole issue presented is whether Plaintiff was required to complete the administrative process before commencing this litigation.  This issue has already been addressed by the Second Circuit in Neal v. Goord, 267 F.3d 116 (2d Cir. 2001).  The issue in that case was "whether plaintiff's complaint should have been dismissed despite his having exhausted at least some claims during the pendency of his lawsuit." Id. at 121.  The Second Circuit held that "exhausting administrative remedies after a complaint is filed will not save a case from dismissal."  Id.

In this case, Defendants have established from a legally sufficient source that an administrative remedy is available and applicable.  Mojias v. Johnson, 351 F.3d 606, 610 (2d Cir. 2003); see also 7. N.Y.C.R.R. § 701.1, *et seq.*  Plaintiff's Complaint concerns his placement in SHU at a maximum security facility.  These are matters that fall within the grievance procedure available to NYSDOCS inmates and are required to be exhausted under the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  Plaintiff has failed to demonstrate any applicable exception to the exhaustion requirement.  Because Plaintiff commenced the instant litigation prior to fully completing the administrative review process, the instant Complaint must be dismissed without prejudice.  Neal, 267 F.3d 116.

**III.    CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated:  September 13, 2006

Thomas J. McAvoy
Senior, U.S. District Judge